UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CASE NO. 1:25-CR-32-HAB-ALT |
| PAIGE NICOLE HEAGY | |

**OPINION AND ORDER**

Before the Court is Defendant Paige Nicole Healy's second Motion to Continue Pretrial Motion Cutoff Date, Plea Agreement Deadlines, Final Pretrial Conference and Trial (ECF No. 23), filed on December 19, 2025. The pretrial motions deadline is December 30, 2025. The two (2) day jury trial in this matter is currently scheduled to begin on January 27, 2026, and a final pretrial conference is set for January 13, 2026. Defendant's counsel requests an additional ninety (90) days for Defendant to complete her program in a halfway house. Defendant is in the program as part of her pretrial release and expects to graduate in March.

A continuance granted by the district court tolls the speedy trial clock if the judge grants the continuance "on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). The Speedy Trial Act sets forth a non-exhaustive list of factors "which a judge shall consider" in determining whether to grant a continuance under this provision. *Id.* at § 3161(h)(7)(B).

The "ends of justice" provision furnishes "[m]uch of the Act's flexibility" because it "gives the district court discretion—within limits and subject to specific procedures—to accommodate

limited delays for case-specific needs." *Zedner v. United States,* 547 U.S. 489, 498–99 (2006). However, the Act requires the district court to make findings on the record explaining why it granted the continuance:

> No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A).

Here, Defendant's motion fails to provide sufficient information for this Court to make the required findings above. The only reason provided is Defendant's desire to complete the halfway house program before trial and its related deadlines. (ECF 23). This is not one of the enumerated reasons under the Speedy Trial Act and Defendant has cited to no authority that has found the reason offered as an appropriate reason to support a continuance under the "ends of justice" provision.

While the Court respects Defendant's desire to finish the program before trial, the Court cannot grant an excludable continuance under the Speedy Trial Act. The "ends of justice" exception is narrow in scope: it is meant to prevent miscarriages of justice and allow defense counsel time to effectively prepare for trial, especially if the case is complex. *See* 18 U.S.C. §§ 3161(h)(7)(A) and (h)(7)(B)(i)–(iv). Defendant does not suggest, nor does the Court find, that failure to grant this request would lead to a miscarriage of justice. Defendant faces a single criminal count for making a false statement to a firearms dealer under 18 U.S.C. § 922(a)(6). (ECF 1). If Defendant proceeds to trial and is found guilty or pleads guilty, she would not be subject to immediate remand and thus could finish the program in advance of sentencing. If Defendant is acquitted, then nothing would stop her from completing the program without court supervision.

The Speedy Trial Act is meant to reflect not only Defendant's need for a speedy trial, but the public's interest in an efficient justice system as well. While Defendant has an interest in completing her program before trial, that does not outweigh the public's interest in efficient justice. *See United States v. Baca*, 735 F. Supp. 3d 1364, 1378 (D.N.M. 2024) (holding that a defendant's request to have pretrial substance abuse treatment did not justify a continuance under 18 U.S.C. §§ 3161(h)(7)).

Accordingly, the Court, being duly advised, DENIES Defendant's Motion to Continue (ECF No. 23).

**SO ORDERED** on December 23, 2025.

s/ *Holly A. Brady*
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT